Filed 4/25/25  Hogan v. DeAngelis Construction CA1/2

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| RONALD HOGAN, et al.,<br><br>        Plaintiffs and Appellants,<br><br>v.<br><br>DEANGELIS CONSTRUCTION, INC., et al.,<br><br>        Defendants and Respondents. | A166172<br><br>(Sonoma County<br> Super. Ct. No. SCV-230846) |

## MEMORANDUM OPINION

Plaintiffs Ronald and Victoria Hogan (the Hogans) appeal from an order denying their motion for an award of legal fees and costs against defendants DeAngelis Construction, Inc., DeAngelis-Pope Homes, Marvin DeAngelis, and Gary Pope (collectively the Developers or defendants), which was filed 12 years after the judgment was entered and more than three years after the judgment was deemed satisfied.  We affirm.

## BACKGROUND

*A Brief History of this Litigation*

The parties are familiar with the history of this case, which we briefly described in 2019 as follows.  In 2002, the Hogans sued the Developers, "asserting claims related to the Hogans' purchase of a home in 2000. . . . [T]he Hogans alleged the home was defective in various ways and defendants failed

1

to disclose material facts about the home. [This lawsuit] resulted in a trial court order rescinding the purchase agreement for the home, a jury trial on consequential damages, a judgment (sometimes referred to as the 'modified amended judgment'), many appeals, and six appellate decisions by this court.[1] Most recently, in 2018, we ordered the trial court to deem the judgment satisfied as to the Developers." (*Hogan v. Deangelis Construction, Inc.* (A152771, Aug. 30, 2019) [nonpub. opn.] 2019 WL 4127270.)[2]

Later, in 2022, we wrote, "We do not repeat the history of this case, which the parties are familiar with and which is set out in our prior decisions. In brief, the parties' litigation over the rescission of a contract to purchase a home (the Gardenview property) resulted in a modified amended judgment filed by the trial court in April 2010, and conflict over executing this judgment has led to years of litigation." (*Hogan v. Deangelis Construction, Inc.* (A157615, Jan. 28, 2022) [nonpub. opn.] 2022 WL 263290.)

In short, the Hogans filed this lawsuit in 2002; following a jury trial and multiple appeals by the Hogans, the final judgment was filed in 2010; and the judgment was satisfied as to the Developers in 2018.

In 2007, the trial court determined there was no " ' "prevailing party" under any definition.' " In *Hogan I*, we affirmed this determination, noting,

---

[1] "(See *Hogan v. DeAngelis Construction, Inc.* (A117321, A118257, A120840, May 20, 2009) [nonpub. opn.] . . . (*Hogan I*) [describing the trial court order of rescission and jury trial on damages]; *Hogan v. DeAngelis Construction, Inc.* (A146057, A146582, A147273, May 17, 2018) [nonpub. opn.] . . . (*Hogan V*) [referring to the operative judgment filed on April 20, 2010, 'as the modified amended judgment or the judgment']; *Hogan v. [Engstrom]* (A149571, May 17, 2018) [nonpub. opn.] . . . (*Hogan VI*) ['This is our sixth opinion in this action'].) . . . ."

[2] We cite our prior opinions "to explain the factual background of the case." (*K.G. v. Meredith* (2012) 204 Cal.App.4th 164, 172, fn. 9.)

"Although the Hogans initiated an action seeking relief based on rescission, they thoroughly resisted accepting rescission in accordance with their election. Furthermore, their efforts at trial to increase their monetary recovery by expanding the concept of consequential damages, though extremely time consuming, were largely unsuccessful. Indeed, on this record, the trial court could reasonably have concluded that the Hogans' primary goal at trial was to obtain legal damages to which they were not entitled."

In July 2010, the trial court denied the Hogans' request to include their fees and costs in the judgment; the trial court stated, " 'The court has already ruled on these in its prior orders regarding the parties' motions seeking to recover, tax, or strike costs and fees on appeal and the order at issue does not change these.' " (*Hogan v. DeAngelis Construction, Inc.* (A128451, Apr. 18, 2012) [nonpub opn.] 2012 WL 1340809 (*Hogan II*).) In October 2010, the Hogans argued they had a judgment for $602,000 in costs, which the trial court rejected. The trial court explained, " '[T]o my knowledge there has never been an award to you [addressing Victoria Hogan] of attorneys' fees in this case, period, for any theory, that I'm—so right now, my belief from looking at the file is you have never been given an award of attorneys' fees.' "

*The Hogans' Motion*

On April 13, 2022, the Hogans filed a document titled "motion for award of legal fees and costs incurred per agreement between the parties and law of the case; and right of setoff." (Capitalization omitted.) The Hogans asserted they "have consistently taken the position that the deemed offer of rescission, accepted by developers, included all costs and fees." They noted that Ronald Hogan filed a declaration in the trial court on September 10, 2012, stating they incurred costs and attorney's fees "as a result of the purchase and rescission of the [Gardenview Property] . . . in the amount of

3

$681,841.42," and they sought an award for that amount, plus "costs and fees incurred since that time," in the current motion.

*The Trial Court's Ruling*

The trial court denied the motion. In its tentative ruling, which was adopted when no party appeared for the hearing, the court explained: "As stated by this Court in its February 26, 2010 order, Plaintiffs 'provide no basis for finding that the rescission included an obligation to pay all legal fees and costs.' This statement remains true.

"Both this Court and the Court of Appeal have explained to the Hogans on multiple occasions that an award for legal fees and costs is not required in this action. As the Court of Appeal explains 'the rescission statutes expressly confer broad discretion on the trial court to balance the equities between these parties. . . . [W]hile the Hogans resisted the consequences of their own election for several years, thereby generating significant costs to the parties and the court, the Developers' early acknowledgement and acceptance of the rescission could have led to a speedy resolution of this entire dispute if not for the Hogans' resistance to that outcome.' (*Hogan [I]* . . . [2009] WL 1398646, p. 35.)

"When this issue was subsequently brought by the Hogans the Court of Appeal stated 'the 2007 order denying the Hogans costs and attorneys fees was *affirmed* on appeal.' (*Hogan [II]* . . . [2012] WL 1340809, p. 12 [see also p. 5, which addresses the Hogans['] other filings related to requests for costs and fees].)

"Therefore, based on the prior rulings of this Court and the Court of Appeal this Court DENIES the Hogans' motion as this issue has already been addressed by both courts on multiple occasions." (Fn. omitted.)

4

## DISCUSSION

"[A] trial court judgment is ordinarily presumed to be correct and the burden is on an appellant to demonstrate, on the basis of the record presented to the appellate court, that the trial court committed an error that justifies reversal of the judgment. [Citations.] 'This is not only a general principle of appellate practice but an ingredient of the constitutional doctrine of reversible error.' [Citations.] 'In the absence of a contrary showing in the record, all presumptions in favor of the trial court's action will be made by the appellate court.' " (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608–609.)

The Hogans fail to show error. They argue the trial court "erred by disregarding the agreement between the parties for a remedy." (Capitalization omitted.) But the trial court considered their argument about the existence of an agreement and rejected it because the same argument has been rejected by the trial court and the Court of Appeal in the past. The Hogans themselves point out that on January 6, 2010, they argued to the trial court, "there is an agreement for fees and costs," and, "Fees and costs are available [to the Hogans] regardless of prevailing party status at the trial level since they are an essential part of the rescission."[3] Thus, the Hogans have been claiming there is an "agreement" requiring defendants to pay their fees and costs since at least January 2010, and this claim has failed repeatedly.

The Hogans argue their claim is not barred by res judicata or law of the case. But, after a trial court rejects an argument, litigants cannot just make the same argument over and over again in the same litigation. Their current motion is, in effect, a motion for reconsideration of prior court orders that

---

[3] The Hogans made this argument in their opposition to defendants' motion to strike their costs bill.

5

rejected (explicitly or implicitly) their claim that an "agreement" exists that requires defendants to pay their fees and costs. Motions for reconsideration can be made only within time limits and "based upon new or different facts, circumstances, or law." (Code Civ. Proc., § 1008, subd. (a).) The Hogans' motion is untimely and is not based on new facts, circumstances, or law.[4]

## DISPOSITION

The order denying the Hogans' motion for an award of fees and costs is affirmed.

_____

Miller, J.

WE CONCUR:

_____

Stewart, P. J.

_____

Desautels, J.

A166172, *Hogan, et al. v. DeAngeles Construction, Inc., et al.*

---

[4] The motion is also untimely under California Rules of Court, rule 3.1702(b).

6